**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00558-WJM-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

LARRY MICHAEL PARRISH,

    Defendant.

---

FINAL DEFAULT JUDGMENT

---

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order Granting Plaintiff's Motion for Default Judgment, entered by the Honorable William J. Martínez, United States District Judge, on September 25, 2012,

IT IS ORDERED as follows:

1. Plaintiff SEC's Motion For Default Judgment Against Defendant Larry Michael Parrish (ECF No. 12) is GRANTED;

2. Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

3. Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

4. Defendant and Defendant's agents, servants, employees, attorneys, and

        all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption: (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h];

5.     Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act;

6. Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1), (2), and (4) and Rule 206(4)-8 of the Advisers Act [15 U.S.C. § 80b-6(1), (2), and (4) and 17 C.F.R. § 275.206(4)-8], by, while acting as an investment adviser, directly or indirectly, with scienter, employing devices, schemes, or artifices to defraud clients or prospective clients; engaging in transactions, practices, or courses of business which operated or operate as a fraud or deceit upon any client or prospective client; and engaging in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative;

7. Defendant is liable for disgorgement of $4,139,857.55, representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $847,919.71. Defendant shall satisfy this obligation by paying $4,987,777.26 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Parrish as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury;

8. Defendant shall pay a civil penalty in the amount of $4,987,777.26 pursuant to 15 U.S.C. §§ 77t(d)(2) and 78u(d)(3)(B).  Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Parrish as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury; and

9. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

10. As of the date of entry of final judgment, the current post-judgment interest rate is __**0.18%**__ pursuant to 28 USC § 1961.

Dated at Denver, Colorado, this __25th__ day of September 2012.

APPROVED:                                                      BY THE COURT:

                                                                              JEFFREY P. COLWELL, CLERK

_____
Judge William J. Martínez                              By: s/ Edward P. Butler
United States District Court                                 Edward P. Butler, Deputy Clerk